In the Matter of REA HOLDING CORPORATION, the Express Company, Inc., REA Express, Inc., f/k/a Railway Express Agency, Inc., Rexco Supply Corporation, Bankrupts.

Bankruptcy Nos. 75 B 0251, 75 B 0252, 75 B 0253 and 75 B 0254.

No. 79 Civ. 3956.

United States District Court,
S. D. New York.

Jan. 14, 1980.

---

Surrey, Karasik, Morse & Seham, by Martin C. Seham, New York City, for employee/creditors.

Wisehart, Friou & Koch, by Robert E. Friou, Arthur M. Wisehart, New York City, appellants pro se.

Whitman & Ransom by Donald L. Wallace, Robert S. Newman, William M. Kahn, Joshua J. Angel, Jeffrey A. Oppenheim, New York City, Marcus & Angel, New York City, for the Trustee and appearing pro se.

## MEMORANDUM OPINION

MOTLEY, District Judge.

This proceeding is an appeal from a decision of the Bankruptcy Court by the Honorable John J. Galgay, dated January 10, 1979. The Bankruptcy Court decision denied an application to remove a trustee in bankruptcy, C. Orvis Sowerwine, and also denied motions to disqualify Sowerwine's general bankruptcy co-counsel, Whitman & Ransom and Marcus & Angel.

### The Bankruptcy Court Decision

The Bankruptcy Court decision recognized that creditors of the bankrupt estate have the right to select the trustee of their choice. This choice should not be lightly disregarded by the Bankruptcy Court. In particular, the Bankruptcy Court found that Sowerwine is well qualified to act as trustee for the bankrupt estate, hereinafter referred to as REA, and has served the estate in an admirable fashion. Sowerwine's position with Shearson, Hayden, Stone, Inc. ("Shearson") did not generate a conflict of interest with his role as trustee for the bankrupt estate; at no time did the Bankruptcy Court find that Sowerwine acted for the benefit of Shearson or its clients to the detriment of the bankrupt estate.

The Bankruptcy Court found that any possible conflicts which could have arisen out of Sowerwine's previous involvement with the railroad and airline industries was properly avoided through the appointment of special counsel to pursue the "Major Litigations," an asset of the bankrupt estate. Thus, the Bankruptcy Court rejected appellants' reliance upon *Fund of Funds, Ltd. v. Arthur Anderson & Co.*, 567 F.2d 225 (2d Cir. 1977), to challenge the trustee's retention of special counsel to pursue the Major Litigations. In short, the Bankruptcy Court found that neither the trustee nor his co-counsel have abused their position as officers of the estate. The Bankruptcy Court stated that Sowerwine had demonstrated integrity and high ability in all his dealings and has provided the highest priority to his duties throughout his tenure as trustee.

In considering a motion to remove Sowerwine's co-counsel, the Bankruptcy Court noted that it must balance the individual's rights to his own chosen counsel with the need to maintain high ethical standards of professional responsibility. In particular, the Bankruptcy Court expressed the view that the role of counsel to an official creditors' committee is not adverse to, or in conflict with, the role of counsel to a bankruptcy trustee. Moreover, in the Bankruptcy Court's view, co-counsel's Whitman & Ransom's previous involvement with trans-

portation clients should not serve as a basis for co-counsel's disqualification. In any case, the Bankruptcy Court explained that the appointment of special counsel to handle the Major Litigations eliminates any question of divided loyalty.

Finally, turning to a motion for recusal, Bankruptcy Judge Galgay found that no additional evidence had been introduced to necessitate reconsideration of his previous denial of similar motions.

*The Legal Standard: Conflicts of Interest*

■ Appellants argue that the Bankruptcy Court applied the wrong legal standard in considering the motion to remove Sowerwine as trustee. The Bankruptcy Court applied the following legal standard based upon the Second Circuit's decision in *In re Freeport Italian Bakery, Inc.*, 340 F.2d 50 (2d Cir. 1965):

> Removal therefore, should only be excercised [sic] if it is shown that the administration of the bankrupt estate will suffer more from the discord created by retaining the present trustee than would be suffered from a change in administration. *In re Freeport Italian Bakery, Inc.*, 340 F.2d 40 [sic], 55 (2d Cir. 1965).
>
> .  .  .  .
>
> .  .  .  Case law indicates that grounds for removal of a trustee in bankruptcy are not found in the Trustee's formal relationships but are based upon fraud and actual injury to the estate. *In re Freeport Italian Bakery, Inc., supra,* 340 F.2d at 53.

*In re REA Holding Corp.*, Bankruptcy Nos. 75 B 251, 75 B 252, 75 B 253 & 75 B 254, slip op. at 3–4, 6 (S.D.N.Y. Jan. 10, 1979). The Bankruptcy Court correctly applied the legal standard in the Second Circuit. The Bankruptcy Court's reliance upon *Freeport Italian Bakery* is, in fact, appropriate and reflects an accurate interpretation of Second Circuit law. The Second Circuit stated in *Freeport Italian Bakery*: "Grounds for disapproval or removal of a trustee in bankruptcy are not to be found in his formal relationships. '[W]e have traditionally stressed the elements of fraud and

actual injury to the debtor interests * * *.'" 340 F.2d at 54 (quoting *Schwartz v. Mills*, 192 F.2d 727, 729 (2d Cir. 1951)). The Second Circuit also wrote: "If the administration of the estate in bankruptcy would suffer more from the discord created by the present trustee than would be suffered from a change of administration, the removal of the trustee is necessarily the better solution." 340 F.2d at 55.

Thus, it is clear that the Bankruptcy Court correctly applied the proper Second Circuit legal standard as articulated in *Freeport Italian Bakery.* Appellants argue that the Second Circuit's *Freeport Italian Bakery* standard is inconsistent with prior Supreme Court decisions. *See Woods v. City National Bank & Trust Co. of Chicago*, 312 U.S. 262, 269, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941); *Mosser v. Darrow*, 341 U.S. 267, 271, 71 S.Ct. 680, 682, 95 L.Ed. 927 (1951). Appellees note that the Supreme Court cases cited by appellant are not directly applicable to the situation in *Freeport Italian Bakery* or in the case at hand. One of the Supreme Court cases involved grounds for denial of a trustee's claim for compensation, and the other involved self-dealing by a trustee. More importantly, as the two Supreme Court cases *preceded Freeport Italian Bakery*, it cannot be persuasively argued that the Bankruptcy Court erred in adopting the relevant Second Circuit legal standard.

Appellants' characterization of the Second Circuit's language in *Freeport Italian Bakery* as dictum is incorrect. In fact, the Second Circuit's statement that elements of fraud and actual injury must be stressed in determining grounds for disapproval or removal of a trustee was an integral part of the holding in *Freeport Italian Bakery.* Similarly, also at the core of the decision was the statement that a trustee should be removed if the administration of the estate in bankruptcy would suffer more from the discord created by the present trustee than would be suffered from a change of administration. While the facts in the *Freeport Italian Bakery* case led the Second Circuit to direct removal of the

trustee, the legal standards set forth in that case are nonetheless applicable in the case at hand as well.

Appellants also quarrel with the Bankruptcy Court's reliance upon *In re Eloise Curtis, Inc.*, 326 F.2d 698 (2d Cir. 1964). Again, appellants' objection is without merit. The fact that following remand the trustee in *Eloise Curtis* was in fact removed does not dilute the precedential value of the statements of law made in the Second Circuit's opinion. Appellants' reading of cases would have the Bankruptcy Court limiting virtually every Second Circuit decision to its facts.

In summary, this court concludes that the Bankruptcy Court correctly applied the Second Circuit legal standards pertaining to grounds for removal of a trustee due to conflicts of interests.

### Duty to Disclose

■ Appellants argue that removal of the trustee and his co-counsel is required, as both the trustee and his co-counsel breached their duty to disclose potential conflicts of interest. The Second Circuit's most recent pronouncement on the duty to disclose, *In re Arlan's Department Stores, Inc.*, 615 F.2d 925 (2d Cir. 1979), was decided on November 5, 1979, well after the Bankruptcy Court's decision in the case at hand. Accordingly, this court must carefully consider the impact of the *Arlan's* decision upon the case at hand.

In *Arlan's*, the Second Circuit rejected the view that General Order in Bankruptcy 44, now superseded by Rule 215 of the Rules of Bankruptcy Procedure, requires disclosure only of present "connections" that are "adverse to the debtor." Instead, the Second Circuit recognized that General Order 44 requires disclosure of "all of the attorney's connections" with the debtor and his counsel—and presumably, creditors as well. Moreover, the Second Circuit stated:

> The court must also decide whether the appointment would be in the "best interests of the estate." . . . It is certainly not the intent of the Order that the petitioner or his prospective counsel

may make a unilateral determination regarding the relevance of a connection. As the Ninth Circuit, noted in *In re Haldeman Pipe & Supply Co.*, 417 F.2d 1302, 1304 (1969), it is the duty of counsel to reveal all of his connections with the bankrupt, the creditor or any other parties in interest. Had he made the disclosures then it would have devolved upon the court to determine whether conflicts existed. General Order 44 does not give the attorney the right to withhold information because it is not apparent to him that there is a conflict.

*In re Arlan's Department Stores, Inc.*, supra, at 932. The Second Circuit also expressed the view that, apart from a violation of General Order 44, a failure to disclose would breach a fiduciary duty to the bankruptcy court. *Id.* at 932.

Appellants argue that *Arlan's* enunciates a principle that a trustee's counsel, as well as the trustee himself, has a fiduciary duty to disclose all of his connections with creditors. This fiduciary duty stands independent of the duties imposed upon a trustee's counsel by General Rule 44, now superseded by Rule 215 of the Rules of Bankruptcy Procedure. Appellants have raised the serious possibility that the duties set forth in *Arlan's* have been breached by the trustee and co-counsel in the case at hand. Needless to say, the fact that the principles set forth in *Arlan's* were expressed in a case involving a counsel's right to compensation rather than involving the issue of removal, as here, is of no consequence. The Second Circuit expressly recognized the existence of a fiduciary duty of disclosure; appellees' attempt to distinguish *Arlan's* on its facts totally disregards the nature of the principles expressed by the Second Circuit.

As the *Arlan's* case was decided subsequent to the Bankruptcy Court's decision, the Bankruptcy Court obviously did not have an opportunity to apply the *Arlan's* principles to the case at hand. It would be inappropriate for this court to attempt such a task at this point in the proceedings, especially in light of the extreme length and complexity of the record in this case.

Accordingly, this case must be remanded to the Bankruptcy Court for reconsideration in light of the Second Circuit's decision in *Arlan's*.

*Other Issues*

As this case is to be remanded to the Bankruptcy Court for reconsideration, at this point in the proceedings this court need not address all of the issues raised by the parties in this appeal. The court should, however, briefly address several issues which may be of importance in further proceedings in the Bankruptcy Court.

In the Bankruptcy Court's January 10, 1979, decision, Bankruptcy Judge Galgay denied appellants' motion seeking his disqualification from the case. The Bankruptcy Court had denied two earlier recusal motions. The Bankruptcy Court ruled that appellants failed to present any new evidence or issues which would necessitate reconsideration of the issue. This court is of the opinion that the Bankruptcy Court's denial of the latest recusal motion was proper. Appellants' suggestion that new evidence indicates a violation of 28 U.S.C. § 455(b)(1) by Bankruptcy Judge Galgay is without merit.

Finally, appellants have requested the election of a new creditors' committee. As appellees have noted, this issue was never properly raised in the Bankruptcy Court and therefore cannot properly be before this court on this appeal.

*Conclusion*

For the reasons stated above, this case must be remanded to the Bankruptcy Court for reconsideration in light of *In re Arlan's Department Stores, Inc.* Accordingly, the decision of the Bankruptcy Court must be vacated and remanded for further proceedings in accordance with this opinion.

So Ordered.