**In re CONCEPT PACKAGING CORP., Debtor.**

**Bankruptcy No. 77 B 141.**

United States Bankruptcy Court, S. D. New York.

Nov. 20, 1980.

Broder & Farley, New York City, William M. Gruner, New Paltz, co-counsels to trustee; Gerald D. Broder, New York City, of counsel.

Schwartz & Sachs, P.C., Carle Place, N. Y., for Floridex Merchandising Co., Inc., creditor; Neil R. Flaum, Carle Place, N. Y., of counsel.

## DECISION ON MOTION TO REMOVE TRUSTEE

JEREMIAH E. BERK, Bankruptcy Judge.

On January 21, 1977 the bankrupt filed a voluntary petition under the Bankruptcy Act of 1898,[1] 11 U.S.C. § 1, et seq. (1976 ed.), and was thereupon adjudicated as such.[2]

At the first meeting of creditors on February 10, 1977, Gerald D. Broder, Esq. was elected trustee, duly qualified and has been serving since that time. By Order dated April 6, 1977 Mr. Broder was authorized to retain Broder & Farley, Esqs. and William M. Gruner, Esq., as co-counsel to represent him generally in all matters in this case.

During the course of the administration of the estate and after investigation by the trustee, an action was instituted on his behalf in the United States District Court for the Southern District of New York seeking recovery of certain assets of the bankrupt allegedly diverted from the estate.[3]

Floridex Merchandising Co., Inc. (hereinafter Movant), a creditor of the bankrupt and one of the 27 defendants named in the pending District Court action, by motion filed herein on July 7, 1980, seeks removal of Mr. Broder and his law firm, Broder & Farley, for cause, pursuant to Rule of Bankruptcy Procedure 221, 411 U.S. 1042, 93 S.Ct. 3127, 37 L.Ed.2d liv. Movant alleges the trustee and his law firm have conflicts of interest based upon prior involvement with and representation of three creditors[4] which Movant states are necessary parties to the pending District Court action, but have not been joined therein by the trustee.[5] The trustee in his answering affidavit denies the existence of a conflict of interest based upon his or his law firm's representation of these creditors.

As recently stated by District Judge Motley,[6] the legal standard to be applied in considering a motion to remove a trustee for conflict of interest was set forth in *In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54 (2d Cir. 1965); "Grounds for disapproval

1. The Bankruptcy Act of 1898 was repealed by § 401(a) of Title IV of the Bankruptcy Reform Act of 1978, Pub.L.No.95–598, 92 Stat. 2549, et seq., which took effect on October 1, 1979, § 402(a) of Title IV. However, pursuant to § 403(a) of Title IV, the Bankruptcy Code will not apply to this matter which must be dealt with as though the Bankruptcy Reform Act of 1978 had not been enacted.

2. Pursuant to § 18(f) of the Bankruptcy Act, 11 U.S.C. § 41(f) (1976 ed.), the filing of a petition shall operate as an adjudication.

3. This action by the trustee against 27 defendants is presently pending before District Judge Ward (80 Civ. 126) and is expected to be tried sometime this winter.

4. The three creditors which Mr. Broder's firm represented prior to the filing of the petition were Adolph Weissman, William Wolfe and

DW & W Industry Supplies, Inc. At oral argument Mr. Broder revealed that his law firm no longer represented Mr. Wolfe or DW & W Industry Supplies, Inc. and was currently representing Mr. Weissman in connection with matters unrelated to this bankruptcy case.

5. After filing the within motion, Movant and two other named defendants in the District Court action moved to dismiss the complaint therein for failure to join Mr. Weissman, Mr. Wolfe and DW & W Industry Supplies, Inc. pursuant to Rule 19, Fed.R.Civ.P. By Decision-Order of District Judge Ward dated October 29, 1980, and while this motion was *sub judice*, that motion was denied.

6. *In re REA Holding Corp.*, 2 B.R. 733, 5 B.C.D. 1308, 1309, 22 C.B.C. 493, 496 (Bkrtcy.S.D.N.Y. 1980).

or removal of a trustee in bankruptcy are not to be found in his formal relationships. [W]e have traditionally stressed the elements of fraud and actual injury to the debtors interests . . ." (quoting *Schwartz v. Mills*, 192 F.2d 727, 729 [2d Cir. 1951]).

Removal of a properly elected trustee is infrequent inasmuch as removal disturbs the continuing administration of an estate. 2A Collier on Bankruptcy, ¶ 44.19 (14th ed. 1974). Removal should be exercised only "if the administration of the estate in bankruptcy would suffer more from the discord created by the present trustee than would be suffered from a change of administration . . ." *In re Freeport Italian Bakery, Inc., supra* at 55.

Applying this standard, the motion must be denied. Movant has failed to demonstrate any conflict of interest by the trustee or his law firm. It has failed to demonstrate any fraud or injury to this estate or show that the trustee has acted contrary to the best interests of the estate.

The only evidence presented by Movant is the transcript of the Adjourned First Meeting of Creditors held before my predecessor, Honorable R. Lewis Townsend, on March 8, 1977 wherein Mr. Arnaldo Garcia, president of the bankrupt, testified to the involvement of Messrs. Weissman and Wolfe as financial advisers to the bankrupt. Movant contends the testimony of Mr. Garcia would lead a reasonably prudent trustee to believe that these parties were so inextricably involved with the affairs of the bankrupt that a lawsuit to recover allegedly diverted assets of the bankrupt could not properly be maintained without naming them as parties defendants.

The trustee in defense of his position stated that he did in fact conduct an investigation into the relationship of Mr. Weissman, Mr. Wolfe and DW & W Industries Supplies, Inc. The investigation revealed that there was no involvement by these three creditors in the alleged scheme to denude the bankrupt. William M. Gruner, Esq., co-counsel to the trustee, supported this position. No proof has been offered to the contrary.

Mere allegations of conflict of interest, particularly in light of Movant's involvement in the pending District Court action, are not enough for this Court to exercise its discretion in removing the trustee. In view of the failure of Movant to demonstrate any actual or potential injury to the estate or the interests of creditors, and considering the amount of discord and disruption likely to be created by removal of the existing trustee, Movant's motion is denied.