In re Larry K. MILLER, Lucretia A. Miller, Debtors.

The UNITED STATES of America, ex rel. The PEOPLES BANKING COMPANY, Plaintiffs.

v.

Quentin M. DERRYBERRY, II, Trustee, et al., Defendants.

Bankruptcy Nos. 81–02237, 81–02214. Adv. Nos. 83–0818, 83–0819.

United States Bankruptcy Court, N.D. Ohio, W.D.

July 12, 1985.

Bank has failed to show cause for removal or establish grounds for imposing liability on the Trustee or his surety. Therefore, its request for judgment must be denied in both of the Miller proceedings.

Thomas D. Drake and William E. Clark, Peoples Banking Co., Findlay, Ohio, for movant.

Quentin M. Derryberry, II, Wapakoneta, Ohio, trustee/defendant.

H. Buswell Roberts, Jr., Toledo, Ohio, for Larry Miller.

Patterson W. Higgins, Findlay, Ohio, for Lucretia Miller.

Kenneth W. Sullivan, Richard G. Schultz, Chicago, Ill., and Steven L. Diller, Van Wert, Ohio, for trustee.

William H. Bracy, Mut. Ins. Co., Toledo, Ohio, for Auto-Owners.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on for trial upon the motion of the plaintiff, The Peoples Banking Company, McComb, Ohio (Peoples Bank) to remove Quentin M. Derryberry, II, as Trustee of the estates of Larry K. Miller and Lucretia A. Miller, and upon its adversary complaint seeking damages against the Trustee and his surety for alleged violation of duties under the Bankruptcy Code in the administration of the estates. The proceedings were consolidated for trial since common issues of fact and law were involved.

One of the grounds for removal alleged by Peoples Bank and listed in both Miller cases is that the Trustee had a duty to rent the Debtors' residence for a price in excess of what Mrs. Miller paid. Peoples Bank's other cause for removal is an alleged conflict of interest which is asserted only in the Larry Miller case. In the adversary complaints Peoples Bank seeks damages which is the difference between what it considers the fair rental value of the Miller's home and the amount collected by the Trustee. The Court finds that Peoples

## FACTUAL BACKGROUND

On October 23, 1981, Lucretia A. Miller and Larry K. Miller each filed separate voluntary petitions under Chapter 7 of the Bankruptcy Code. Quentin M. Derryberry, II was appointed Trustee for both estates.

The assets of the estate which are relevant to this decision are the marital residence and 21 shares of Peoples Bank stock. Mrs. Miller occupied the home until it was sold, a period of approximately 30 months. Peoples Bank held a first mortgage on the property in the amount of $17,012.19. The home was sold for $46,000.00, which provided full payment of the mortgage of Peoples Bank. Mr. Miller held 400 shares of stock in the Peoples Bank. Of the original 400 shares, 375 were pledged to the National City Bank of Cleveland. Those shares were abandoned by the Trustee and are not at issue here. Of the 25 remaining shares, 4 were claimed as exempt and released to the Debtor leaving 21 shares as property of the estate.

On September 7, 1983, Mr. Derryberry as the Trustee in the Hartley Bankruptcy filed a six count complaint seeking judgment in the amount of $6,500,000.00 against Peoples Bank.

On November 18, 1983, The Peoples Bank filed four adversary proceedings against the Trustee seeking damages in the Hartley, Peckinpaugh and Larry and Lucretia Miller cases as a result of alleged violation of his duties as Trustee. The Trustee was served with courtesy copies of the four proceedings on November 18, 1983 in Courtroom 103 where the parties were assembled for a pretrial conference which was scheduled on the Trustee's complaint against Peoples Bank. When the Trustee's counsel inquired of Peoples' counsel as to the reason for filing the adversary proceed-

ings against the Trustee he replied "because you drew first blood."

On November 30, 1983, motions to remove the Trustee were filed in the Peckinpaugh and Miller cases, and on December 6, 1983, the Court received a motion to remove the Trustee in the Hartley case.

## DISCUSSION

The Bankruptcy Code at § 324 gives the Court the power to remove the Trustee as follows:

> The Court after notice and a hearing may remove a Trustee or an Examiner for cause.

However, it remains for the Court to determine what constitutes "cause" on a case by case basis.

Case law reveals divergent standards have been applied in determining what constitutes cause to remove a trustee. Some of the courts professed to rule on the basis of the "best interest of the estate" or as a variation on that theme "avoiding even the appearance of impropriety." However most of the courts faced with alleged potential conflict of interest or potential wrongdoing hold that potential conflicts of interest do not warrant the removal of a trustee in the absence of "fraud and actual injury." *In re Freeport Italian Bakery, Inc.* 340 F.2d 50, 54 (2nd Cir.1965).

■ This Court in its recent decision in the *Hartley* case, 50 B.R. 852, provided a lengthy analysis of why it rejected any standard less concrete than one of fraud or actual harm. In the Court's opinion nebulous accusations that the Trustee's actions were not in the "best interests of the estate" or had the "appearance of impropriety" do not constitute sufficient cause to remove the Trustee. Instead in a case for removal this Court demands that fraud or actual harm to the estate be proven which is a standard that has been followed in several decisions concerning removal of the Trustee. *See Baker v. Seeber (In re Baker),* 38 B.R. 705 (D.Md.1983); *In re Microdisk, Inc.,* 33 B.R. 817 (D.Nev.1983); *In re Rea Holding Corporation,* 2 B.R. 733 (S.D.

N.Y.1980); *In re O.P.M. Leasing Services, Inc.,* 16 B.R. 932, 8 B.C.D. 841 (Bankr.S.D. N.Y.1982) and *In re Concept Packaging Corp.,* 7 B.R. 607 (Bankr.S.D.N.Y.1980).

The court believes it is unnecessary to repeat the reasoning in *Hartley* here, and that it is sufficient to state that forcing accusors to quickly come forward with evidence which proves fraud or actual harm to the estate protects trustees from the threat of specious and tenuous claims for removal which are merely part of a tactical maneuver to force the Trustee not to perform his statutory duties. A more concrete standard also has the benefit of preserving the orderly administration of the estate by not allowing creditors to remove a Trustee who has merely made them unhappy. In this case the Peoples Bank must satisfy the threshold question of whether the Trustee has a duty to perform the tasks it has alleged were not performed.

## TRUSTEE'S DUTY TO RENT

The first allegation concerns whether the Trustee had a duty to rent the Debtors' residence. Peoples Bank argues that the Trustee should be removed for permitting Mrs. Miller to live in the Debtors' personal home rent free for 30 months. Furthermore, Peoples Bank believed the Trustee is liable for the fair rental value of the property. The Trustee's response is that he did not have a duty to rent the Debtors' home. As a side note the Trustee points out that Mrs. Miller did pay $1,000 in rent and she was responsible for maintaining the home which included paying the insurance.

Attempting to demonstrate a duty to rent Peoples Bank cites 11 U.S.C. § 541(a)(6) which in pertinent part states:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:
>
> \*     \*     \*     \*     \*     \*
>
> (6) Proceeds, product, offspring, rents, and profits of or from property of the estate, except such as are earnings from

services performed by an individual debtor after the commencement of the case. Section 541 describes what is property of the estate. If a rental property was owned by the debtor then the Trustee has a right to collect the rents. Section 541 does not create an affirmative duty to force the debtors to pay rent or evict them to find someone who can. Needless to say Peoples Bank has not provided any legal authority for the Trustee's duty to rent the Debtors' residence.

■ The Trustee's primary duty is to liquidate the assets as provided in § 704(1) of the Bankruptcy Code which provides: "The Trustee shall collect and reduce to money the property of the estate for which such Trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." Clearly § 704 does not specifically create a duty to rent nonrental property and the duty to close an estate quickly is not compatible with finding rentors and trying to sell property burdened with leases and tenancy rights. Therefore, the Court finds the Trustee did not have a duty to rent the Debtors' residence and the request of Peoples Bank to remove the Trustee and assess damages for his failure to rent the home for the fair rental value must be denied.

Considering the Court has already determined that the Trustee did not have a duty to rent it may appear superficially that it is unnecessary to discuss what action the Trustee did take with regard to renting the Debtors' home. However, the Court believes that when the Peoples Bank's allegations, which were unsupported by law, are seen in the light of what the Trustee actually did it becomes clear that the charges in this case were a reaction to the Trustee suing Peoples Bank for $6,500,000.00 in the *Hartley* case.

In return for remaining in the marital residence Mrs. Miller paid for the utilities and insurance as well as taking care of the general maintenance. Not only did that arrangement spare the estate those expenses but it meant someone was available to show the home to purchasers. In addition, the Trustee was able to charge Mrs. Miller $1,000 for rent by offsetting that amount from her share of the Homestead Exemption. It appears to the Court the Trustee used sound business judgment in avoiding all the problems associated with attempting to evict the Debtor and find another renter.

## TRUSTEE'S CONFLICT OF INTEREST

The second cause for removal asserted by Peoples claims that a conflict of interest arose as a result of the Trustee's ownership of stock in Peoples Bank as the Trustee in the Larry Miller case. As the Trustee for Miller, Mr. Derryberry became the owner of 21 shares of Peoples Bank stock pursuant to 11 U.S.C. § 541. Peoples Bank argues the conflict of interest began when as the Trustee for Hartley, Mr. Derryberry sued Peoples. The Trustee contends that since Peoples Bank knew of the stock ownership and at least tacitly lent their approval to the situation, it is estopped from arguing conflict of interest two years later. The Trustee further contends that mere allegations of potential conflict are not sufficient to remove the Trustee.

■ The Court agrees with the Trustee who relies on *In re National Public Service Corporation*, 68 F.2d 859 (2d Cir.1934) which held that after a certain creditor had worked hand in hand with the Trustee for eight months without opposition that creditor was estopped from raising the issue of the conflict of interest. The Court stated, "Other creditors may be entitled to ask us to do this but we are not disposed to hear that complaint in the mouths of these appellants." *Id.* at 863. It is appropriate to hold Peoples Bank is estopped from arguing conflict of interest in this case because it was aware of the stock ownership question for approximately two years and it failed to raise an objection until the commencement of an action against Peoples Bank.

■ The Court notes that the Trustee became the owner of the stock by operation of law. This is not the usual conflict of interest case where self dealing is involved.

There has been no evidence presented that the Trustee was personally enriched nor that the estate was harmed. There was some testimony that Peoples Bank stock was sold for $50 a share and was repurchased at $50 per share which indicates that the value of the stock has not suffered. There was no testimony that indicated Peoples Bank stock declined as the result of the lawsuit. Of course as previously stated actual fraud or harm must be shown to establish cause for removal. Accordingly, not only is Peoples estopped from alleging conflict of interest, but it also failed to meet this Court's standard for removal.

In light of the foregoing, it is hereby

ORDERED that the complaints of the Peoples Bank against the Trustee and his surety seeking damages in the cases of Lucretia A. Miller and Larry K. Miller be, and they hereby are, dismissed with prejudice. It is further

ORDERED that the motions of the Peoples Banking Company seeking removal of the Trustee in the cases of Lucretia A. Miller and Larry K. Miller be, and they hereby are, denied with prejudice.