## In re STEPHENS & CO.

District Court, S. D. California, S. D. March 19, 1928.

### No. 9174–M.

Hamilton & Lindley, of San Diego, Cal., and Clarence W. Morris, of San Francisco, Cal., for creditors.

Wright & McKee, C. M. Monroe, and Gray, Cary, Ames & Driscoll, all of San Diego, Cal., for bankrupt.

McCORMICK, District Judge. This matter arises on an order to show cause directed to John G. McGregor, trustee in bankruptcy herein, and issued upon the application of certain creditors of the above-named bankrupt estate, wherein they seek the removal of said trustee by reason of alleged misconduct and mismanagement of the affairs of said bankrupt estate by such trustee thereof. The specific grounds for asking such removal are set forth in petitions on file herein, and it is unnecessary to set them forth herein.

■ The hearing established many irregularities in the administration of this estate, and although the court finds itself unable to conclude that the conduct of the trustee was dishonest, the misfeasance shown is of such gravity that the court cannot place its stamp of approval upon the neglect and indifference of the trustee in the matters shown by the evidence, and it is impelled to conclude that the best interests of the estate, and especially the proper interpretation and enforcement of the National Bankruptcy Law (11 USCA), requires the removal of the trustee, regardless of the motive that may have actuated the petition for his removal. In addition to negligent and careless methods by the trustee of accounting for expenses of administration, the evidence revealed two other unjustifiable and unauthorized transactions by the trustee, that cannot be sanctioned in the administration of bankrupt estates, and the approval of which by the court would be an encouragement of direct and willful violations of the National Bankruptcy Law, and the General Orders promulgated by the Supreme Court for the proper application thereof.

■ I refer firstly to the allowance of $500 per month as an advance to the trustee on account of compensation to which he might be entitled during the administration of the estate before the referee. It was shown that

the trustee was chosen by the creditors on January 26, 1927, and that on March 16, following, he was paid $1,000 on account of commissions that he might ultimately be entitled to, and that each month subsequent until December, he has received an additional amount of $500, making in all the sum of $5,000. These payments, in my judgment, were irregular and unauthorized. They were allowed and paid contrary to section 48 of the Bankruptcy Act (11 USCA § 76), that provides that the trustee's commissions for services shall be payable after they are rendered, or after allowance by the referee upon petition previously filed with the referee and notice thereof given to the creditors of the estate before allowance under General Order XLII. The evidence failed to show the required petitions and notices to creditors. Furthermore, it is more than doubtful as to whether under a proper construction of the Bankruptcy Act, the trustee has earned the aggregate sum that has been advanced to him in compensation for his services; but this matter is left open and undetermined, so that it may be further considered in the settlement of the trustee's account. I think there are four requisites before a trustee may lawfully be paid any portion of his unliquidated compensation or commissions from a bankrupt estate, and they may be succinctly stated as follows:

(1) When he has disbursed or turned over to others the sums upon which he claims commissions.

(2) When he has filed a verified petition under General Order XLII, setting forth, with other necessary matters, the amount claimed.

(3) Such petition must be heard at, a meeting of creditors, notice of which meeting must be given to the creditors, and this notice must state the amounts claimed.

(4) The commissions must be allowed by the referee pursuant to the order of reference and according to the National Bankruptcy Law.

I think it but fair to this trustee to state that the referee here is charged with knowledge of the periodical allowances to Mr. McGregor, because by countersigning the checks or disbursements from the estate, as required by law, he may be said to have approved of the respective advancements; but in my judgment such approval was unauthorized and beyond the authority of the referee, inasmuch as the required preliminary steps had not been taken, and probably the commission allowed had not been earned under correct interpretation of the law applicable.

The second gross irregularity, and one which can never be sanctioned by a court of equity, was the purchase by the trustee of property of the bankrupt estate. It was shown by the trustee's report that three articles, to wit, a table, a bench, and a typewriter, were purchased by the trustee. The pecuniary value of these articles is small and negligible, and may negative dishonesty, when compared with the magnitude of the estate; but to sanction a transaction wherein a trustee purchases, for himself and for his benefit, property of the trust estate, would do violence to every established principle of trusts, and would invite dishonesty in the relations of trustee and beneficiaries, and imperil the whole scheme of trusts. The fact that a trustee does not regard such a transaction as improper is a strong indication that he has not the required mental makeup and attitude to qualify him to act as a trustee of a bankrupt estate, and that the best interests of the estate and of its creditors will not be conserved by his retention.

There were other circumstances and irregularities shown at the hearing that should never be permitted in the administration of bankrupt estates, such as procuring loans from the bankrupt estate for the indirect purpose, at least, of accumulating the fees or compensation of the trustee, the employment of attorneys by the trustee as his own counsel of those who were the attorneys for the bankrupt estate, the solicitation by the trustee of some emolument or reward from a real estate agent, who had made a sale of property of the estate and earned a commission therein. These acts are inimical and detrimental to the proper administration of a bankrupt estate and cannot be countenanced by the court. Upon all of this evidence it is ordered that the petition of the creditors of said bankrupt estate for the removal of John G. McGregor as trustee thereof be granted, and said John G. McGregor is hereby removed as trustee of said bankrupt estate; and it is further ordered that Glenn Munkelt, of San Diego, Cal., who has heretofore acted as receiver of said bankrupt estate, be and he is appointed receiver ad interim, and until the election and qualification of a trustee herein, with powers to fully, adequately, completely, and properly carry on and conduct the administration of said bankrupt estate, including full power to prosecute and continue the prosecution of all suits, actions, and claims of said bankrupt estate, or for the benefit or in the interests of said estate and all interests therein, and also to defend and oppose any and all suits, actions, claims, demands,

or contentions of every kind or nature on behalf of said bankrupt estate, and in addition, all of the powers and authority vested in the receiver appointed by this court December 30, 1926, and all such other and further powers and rights as may be necessary to enable said receiver ad interim to fully, completely, and entirely represent and administer said bankrupt estate, to the end that said estate and the best interests of those concerned therein may be conserved, protected, safeguarded, and administered, and with the right to apply hereafter for further or other extension of his powers, as such receiver ad interim.

It is further ordered that said receiver shall give and file herein a good and sufficient bond in the sum of $50,000 at this time, and subject to reduction or increase as in the judgment of this court may be necessary later. It is further ordered that said receiver retain and continue as his counsel and attorneys the firm of Gray, Cary, Ames & Driscoll, attorneys at law, of San Diego, Cal., and it is further ordered that, in the settlement of accounts of said John G. McGregor as trustee, the referee in bankruptcy herein shall require said John G. McGregor to make full, complete, and true accounting of all moneys and assets of said estate and of his expenses in the administration of said estate, and shall also require said John G. McGregor to account for and reimburse said estate of all money, compensation, commissions, and property to which he is not lawfully entitled, and that said referee shall take into consideration, in determining the financial settlement and accounting with said John G. McGregor and fixing and allowing commissions and compensation, the additional expense imposed upon said bankrupt estate by reason of aforesaid irregularities of John G. McGregor as trustee, and incurred because of the appointment of a receiver ad interim herein, and the election of another trustee herein.

It is further ordered that, inasmuch as this court has heretofore, in cause No. 8897–H of the files of this court, with the consent of the trustee in bankruptcy of said bankrupt estate, made and entered an order concerning and relating to the books, records, and accounts of Stephens & Co., bankrupt, and all of its subsidiaries, the said receiver ad interim is hereby required to and will obey, conform to, and carry out without departure or deviation the aforesaid order, and it is further ordered that any trustee that may be hereafter elected, appointed, or designated will be further required to carry out and comply with the aforesaid order made and entered in said cause No. 8897–H, of the files of this court and the order appointing said receiver ad interim herein, or appointing any trustee herein, contains and shall contain a provision and condition that the aforesaid order of this court be complied with.