416

## In re SCHIRESON.
### No. 19805.

District Court, E. D. Pennsylvania.
June 22, 1940.

Herman Steerman, of Philadelphia, Pa., for trustee.

Joseph S. Conwell, Jr., of Philadelphia, Pa., contra.

KIRKPATRICK, District Judge

The Referee, upon his own motion, entered an order removing the trustee of this estate. The order was brought before this Court by a certificate for review. The trustee contended (a) that the Referee had no power upon his own motion to make the order of removal, and (b) that, granting the power, there was no sufficient cause to justify it.

The question whether the abrogation (effective February 13, 1939) of General Order XIII, as amended April 24, 1933, leaves the Referee without any power to remove a trustee either upon his own motion or upon complaints of creditors, is academic in view of the fact that an order removing the trustee will now be entered by the Judge, acting upon his own motion. The power to do this is conferred by Chapter I, § 2, sub. a(17) of the Chandler Act, 11 U.S.C.A. § 11, sub. a(17).

The Chandler Act was enacted after the appointment of this trustee, but the Court holds that Chapter I, § 2(17) is applicable to these proceedings. The decisions cited by counsel for the trustee in which courts have refused to make the Chandler Act applicable to proceedings instituted before its enactment were in cases in which the retroactive application of the Act would operate to divest liens, destroy priorities, or take away interests in property which existed before the Chandler Act became law. The trustee, however, has no vested right to his office. His term of service does not extend beyond the time when it appears to the Court that it is no longer for the best interests of the estate that he should continue to act as trustee.

In the present case it appears that the trustee was appointed upon the nomination and by the vote of counsel representing one Rosalie Wein-Roberts who,

in the guise of a creditor, filed a claim against the bankrupt estate. Unknown to all parties concerned, except herself and the bankrupt, this lady was and had been since 1932, the wife of the bankrupt.

It appears that the claim of Rosalie Wein-Roberts was sent to her attorney by the bankrupt's counsel, and that her executed proof was received by him through the mail.

It also appears that counsel for the bankrupt prepared the trustee's petition for the appointment of appraisers, the inventory filed by the appraisers, and the trustee's report of exempt property.

In September, 1938, a petition for the removal of the trustee was filed by a judgment creditor. The trustee's answer was prepared and filed by the same attorney who represented Rosalie Wein-Roberts. This petition has never been prosecuted, probably for the reason that it was discovered that the creditor who filed it had omitted to prove her claim against the bankrupt estate. There is now pending a petition to file a claim nunc pro tunc.

The trustee was elected May 11, 1937. Subsequently it was discovered (although the bankrupt had testified upon his examination before the Referee that he was unmarried) that Rosalie Wein-Roberts was the bankrupt's wife. In December, 1938, the Collector of Internal Revenue seized a safe-deposit box in her name, which was opened in June, 1939, and found to contain securities of the value of $130,000.

In March, 1940, the bankrupt was convicted in this Court of concealing assets from his trustee, the charge having to do chiefly with the securities discovered in his wife's safe-deposit box, which, the government contended, were his property. An appeal from his conviction is pending in the Circuit Court of Appeals. At about the same time, the trustee brought an action to recover the securities for the benefit of the bankrupt estate.

It seems hardly necessary to elaborate upon the causes which not only justify an order of removal but which make it imperative. The policy of the law as declared in numerous decisions requires it.

In making the order, however, it is fair to say that there is no evidence whatever of any personal misconduct on the part of the trustee or of any conscious or voluntary connection on his part with any fraud upon the creditors. In declining to resign voluntarily at the suggestion of the Court, I think that he can be charged with no more than failure to apprehend the delicacy of his own position.

The facts stated in the foregoing opinion may be taken as special findings by the Court. They are based upon evidence returned to this Court by the Referee in the removal proceedings now before the Court on certificate for review. Reference to the brief filed by the trustee with the Court will show that they are practically undisputed.

The Court, on its own motion, by virtue of the provision of Chapter 1, § 2(17) of the Bankruptcy Act, as amended, now orders, adjudges and decrees that Martin L. Steiger be and he is hereby removed as trustee herein, for cause.

Sur Certificate for Review.

Inasmuch as the Court has acted upon its own motion in the above case, the question of the Referee's power and authority to remove the trustee has become moot, and the Court will not pass upon the questions raised by the certificate for review.