**In re Robert G. BAKER, Debtor.**

**Robert G. BAKER**

**v.**

**Brian R. SEEBER, Trustee.**

**Civ. No. K–83–1017.**

United States District Court,
D. Maryland.

Dec. 30, 1983.

Robert G. Baker, appellant, pro se.

Brian E. Seeber, Washington, D.C., for appellee.

FRANK A. KAUFMAN, Chief Judge.

Baker, a debtor in bankruptcy, appeals from two Orders entered February 24, 1983

by Judge Evans sitting by designation in the Bankruptcy Court of this District[*], denying Baker's motion to dismiss trustee Seeber, and granting Seeber's motion to compromise Baker's claim against the Virginia National Bank and Thomas L. Wilson (Wilson). Also involved in this appeal is Seymour Pollack (Pollack), who claims to be a creditor of Baker and who has filed a request for judicial notice of "improper Bankruptcy Court action and improper acts of trustee." The trustee, Seeber, has moved to strike the request for judicial notice by Pollack and Baker's reply brief as scandalous, defamatory and inaccurate.

## I

This appeal has its origins in a suit instituted by Baker against, inter alia, Virginia National Bank and its president, Wilson. That suit, Baker v. Krauss, Civil Action No. 82–1133–A, was recently decided in the United States District Court for the Eastern District of Virginia, Alexandria Division.[1] The claims advanced by Baker in Baker v. Krauss revolve around Baker's interest in Mecklenberg Enterprises, Inc. (Mecklenberg) which operated a restaurant in Virginia and itself filed for bankruptcy under Chapter 7. Baker alleged that defendants Virginia National Bank, Wilson and others conspired to deprive him of his interest in the assets of Mecklenberg, including Mecklenberg's leasehold of the restaurant premises. Baker also alleged that the defendants improperly looked to Baker's guarantee of a promissory note made by Mecklenberg and held by Virginia National Bank instead of first looking to Mecklenberg's assets.

As trustee of Baker's estate in bankruptcy, Seeber had the right to take over prosecution of Baker v. Krauss which had been instituted prior to Seeber's assumption of the powers of trustee. See 2 Collier on Bankruptcy ¶ 323.02 (15th ed. 1983). Seeber, however, believed that Baker's claims in Baker v. Krauss lacked merit and told Baker that he would not take control of the suit and that Baker was free to do so. Sometime after so stating, Seeber was approached by defendants Virginia National Bank and Wilson and offered $1,000 for the "nuisance value" of Baker's claim against them. Seeber brought that offer to the attention of Judge Evans and applied for permission to settle the claims on that basis. Judge Evans, in an Order dated February 24, 1983, accepted the trustee's position that the claims were lacking in merit and approved the settlement.[2] Judge Evans also considered Baker's motion to dismiss Seeber as trustee and denied the same after concluding that "the trustee has fulfilled his official duties as trustee to the court and to the creditors."

On March 24, 1983, the late Judge Oren Lewis of the Eastern District of Virginia denied Seeber's motion to intervene in Baker v. Krauss for the purpose of settling with defendants Virginia National Bank and Wilson. Judge Lewis ruled that Seeber, by permitting prosecution by Baker to the point where trial was only one week away, had waived his right to prosecute the suit as trustee.[3] Subsequently, summary judgment was granted in defendants' favor in Baker v. Krauss by Judge Albert V. Bryan, Jr., on all counts save one which

---

[*] The late Judge Evans was a Senior Bankruptcy Judge of the District of Virginia.

1. Baker v. Krauss was originally filed on February 23, 1982 in the Bankruptcy Court for the District of Maryland. On August 13, 1982, it was remanded to the United States District Court for the District of Maryland, which in turn transferred the action to the Eastern District of Virginia as per Order of Judge Joseph H. Young of this Court, dated November 23, 1982.

2. Judge Evans found that the leasehold had been terminated, that it did not constitute an asset of Mecklenberg, and, therefore, was not of value to Baker. Judge Evans also found that the defendants could look to Baker's guarantee without first asserting their claim against Mecklenberg's assets. See In re Robert G. Baker, No. 82–1–0254, slip op. at 2–3 (Bkrtcy.D.Md. Feb. 24, 1983).

3. Baker v. Krauss, No. 82–1133–A (E.D.Va. March 24, 1983) (Order denying trustee's motion to be substituted as co-plaintiff and to dismiss with prejudice claims against Virginia National Bank and Wilson).

was tried without a jury and resulted in a finding for defendants and a dismissal of the entire action.[4] Those rulings are now on appeal to the Fourth Circuit.[5]

In addition to claims concerning these events, Baker also challenges the appointment of the trustee,[6] alleging that there was a "deal" between the Bankruptcy Court and Seeber to appoint the latter trustee in the within case. In order to secure Seeber's appointment without arousing the opposition of creditors, the Bankruptcy Court, according to Baker, encouraged creditors not to attend the meeting at which a trustee could have been elected by the creditors. Baker points to the sentence, "It is not necessary that creditors attend this meeting," typed in all capitals at the bottom of the Order calendaring the meeting of creditors and contrasts it to the "very small print" of the form which stated the creditors' right to choose a trustee.

## II

Baker's appeal from Judge Evans' Order allowing settlement of Baker's claim in the Virginia suit by Seeber is denied since Baker prevailed in that regard as per Judge Lewis' ruling.

## III

11 U.S.C. § 324 sets forth the standard for removal of a trustee, as follows:

The court, after notice and a hearing, may remove a trustee or an examiner, for cause.

Below, Judge Evans defined "cause" as "reasons for which the law and sound public policy recognize as sufficient warrant for removal" and reasons, which "relate to and affect the administration of the office and [which] must be restructed to something of a substantial nature directly affecting the rights and interests of the public."

### A

Most of the case law concerning the removal of a trustee involves intentional misconduct or negligence on the part of the trustee in the administration of the estate. The most frequent setting for these disputes is alleged conflict of interest on the part of the trustee. In such context, "[p]otential conflicts of interest" are usually insufficient to remove a trustee in the absence of "fraud and actual injury to the debtor interests." *In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54–55 (2d Cir. 1965).[7] In *Freeport Italian Bakery*, Judge Hays wrote that the fact that the trustee "is a nephew-in-law and cousin of the two presidents of the bankrupt corporation does not of itself disqualify Cataldo [the trustee] from voting for or being appointed as trustee." 340 F.2d at 54. However, Judge Hays concluded that removal was appropriate because the trustee "(1) is a close relative of the principals of the bankrupt corporation *and* of its major creditors, (2) has participated in defrauding other creditors by concealing his own claims, (3) has filed an exaggerated claim in his own behalf and in behalf of his mother-in-law, and (4) has not fulfilled his duty as trustee to press all legitimate claims of the estate...." *Id.* at 54–55 (emphasis in original).[8]

**4.** *Id.* (March 24, 1983) (Order granting summary judgment to defendants on all counts except count V); *id.* (March 30, 1983) (Order entering judgment in favor of defendants on count V and dismissing the action).

**5.** *Id.* (April 29, 1983) (Notice for appeal filed by Baker) (No. 83–1453).

**6.** That claim, advanced in a request to this Court for judicial notice, filed May 24, 1983, will be considered and determined in this case.

**7.** *See also Schwartz v. Mills*, 192 F.2d 727, 729 (2d Cir.1951); *In re Microdisk, Inc.*, 33 B.R. 817, 819 (D.C.D.Nev.1983); *Matter of REA Holding Corp.*, 2 B.R. 733, 735 (D.C.S.D.N.Y.1980); *In re Concept Packaging Corp.*, 7 B.R. 607, 608–09 (Bkrtcy.S.D.N.Y.1980).

**8.** A similar case is *Matter of Russo*, 18 B.R. 257 (Bkrtcy.E.D.N.Y.1982) where the trustee was also the executor and a beneficiary of his father's estate which was the debtor's largest creditor. Although, the court in *Russo* concluded that to remove the trustee "on this ground alone without any showing of an actual conflict of interest may be shortsightedly discriminatory," *id.* at 271, removal was nevertheless appropriate

Other grounds for removal can be found, for instance, in the non-disclosure of potential conflicts. *See In re Oliveri*, 45 F.Supp. 32, 33 (E.D.N.Y.1942) (trustee removed after discovery that he was an officer of and an attorney for the corporate landlord of the debtor which had filed a general claim against the estate); *In re Schireson*, 45 F.Supp. 416, 417 (E.D.Pa.1940) (trustee removed after discovery that his nomination and election were due to vote of counsel who represented the debtor's wife). *See also In re Stephens*, 30 F.2d 725 (S.D.Cal. 1928) in which the trustee who was removed was guilty of "negligence and careless methods ... of accounting," *id.* at 725, and "gross irregularity" in the administration of the estate, *id.* at 726.

Courts also consider the best interests of the estate in bankruptcy when determining if removal of the trustee is appropriate. *See, e.g. Matter of Russo*, 18 B.R. 257, 273 (Bkrtcy.E.D.N.Y.1982). The weight accorded this consideration was detailed in *Freeport Italian Bakery:*

> If the administration of the estate in bankruptcy would suffer more from the discord created by the present trustee than would be suffered from a change of administration, the removal of the trustee is necessarily the better solution.

340 F.2d at 55. In many cases, that factor is considered in conjunction with an analysis of the misconduct of the trustee. In several cases, however, a trustee was seemingly removed on the basis of that consideration alone. In *In re Mason*, 12 B.R. 318 (Bkrtcy.D.Nev.1981), the trustee was removed "due to the bitter feeling of enmity by the debtor against the trustee." *Id.* The enmity in *Mason* had a substantial foundation: the trustee's husband had prosecuted the debtor in a criminal proceeding which resulted in the conviction and incarceration of the debtor. The court feared that the trustee would "never have the assistance and cooperation of the debtor, and the debtor's attitude could affect

the rights and interests of the creditors. . . ." *Id.* at 318–319 (footnote omitted).

In *In re Savoia Macaroni Mfg. Co.*, 4 F.Supp. 626 (E.D.N.Y.1933), the court was concerned that time not be spent determining the truth of voluminous charges and countercharges made against and by the trustee.[9] Rather than delay the administration of the estate by a lengthy inquiry, the more appropriate step was to remove the trustee so long as the charges had "some substance in fact." *Id.* at 627.

### B

■ Under the standards followed in the above cases, there is insufficient cause presented for the removal of Seeber. Seeber's conduct itself does not warrant removal. His evaluation of the probability of success in *Baker v. Krauss* was endorsed by Judge Evans and independently confirmed by Judge Bryan. Although the Fourth Circuit has yet to rule on appeal from Judge Bryan, it appears that even if Seeber's actions are successfully challenged, those actions were sufficiently based upon considerations and judgments which in no way provide a basis for Seeber's removal as a trustee. It is also to be noted that there is no evidence that Seeber solicited the settlement offer from Virginia National Bank and Wilson and, accordingly, it is difficult to condemn Seeber for calling to the attention of the Bankruptcy Court the offer and recommending its acceptance. Indeed, had the offer been accepted, the estate and its creditors would be, in all likelihood, $1,000 richer. Whatever fault can be attributed to Seeber can only stem from his failure to establish clearly the terms of his authorization to Baker to prosecute the claim in *Baker v. Krauss*. Under the standards followed in the cases discussed above, that does not constitute negligence or misconduct of a sufficient magnitude to call for removal.

because, *inter alia,* a review of the trustee's conduct showed that "much of his diligence was spent in an effort to aggrandize his and/or his father's interests." *Id.* at 272.

9. The factual details of the circumstances considered in *Savoia* are not set out in the opinion.

 

The record discloses that Judge Evans considered the welfare of the estate in making his decision. Reasons for removal, he wrote, must "relate to and affect the administration of the office." His assessment of where the best interests of the estate lie should only be disturbed if this Court is convinced that it is without substantial foundation. Judge Evans was in a much better position than this Court, which sits as an appellate court, to make that assessment. The facts of this case when considered in light of the above cases indicate that Judge Evans' determination not only had a substantial foundation but was correct. First, in most of the cases, the best interests of the estate do not usually alone serve as sufficient justification for removal, without culpable conduct by the trustee. Second, the cases which rely upon the best interests of the estate alone as sufficient cause for removal are distinguishable. In *Mason*, there was a desire to combat any "unwarranted inference of improper motive" of the trustee. 12 B.R. at 319. No such improper motive is suggested in the instant case. Nor can Seeber be removed under the *Savoia Macaroni* rationale of avoiding lengthy delays caused by investigating the truth or falsity of charges lodged against the trustee because the charges against Seeber have already been considered below without lengthy proceedings.

### IV

The allegations concerning Seeber's appointment as trustee likewise do not constitute sufficient grounds for removal.[10] There is no evidence, other than Pollack's conclusory assertion, of any "deal" to install Seeber as trustee. Nor can the Order relating to the meeting of creditors be reasonably interpreted as misleading or as calculated to encourage creditors not to attend.

---

10. It should be noted that these allegations are here made for the first time, according to the record transmitted for appeal. They were not presented below despite the fact that the disputed appointment took place on April 8, 1982.

### V

Seeber's request for a hearing on this appeal is denied because, in the words of Bankruptcy Rule 8012, "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." *See also* D.Md.R. 51–A(e)(2)(B). Seeber's motion to strike the reply brief of appellant Baker is also denied although this Court does note that the allegations contained therein are somewhat overstated. *See* 5 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 1382 at 807–12 (1969). Pollack's motion for joinder in this appeal is denied; nevertheless, Pollack's allegations have been considered by this Court in the disposition of this appeal.[11]

Accordingly, Judge Evans' two Orders entered February 24, 1983 are hereby affirmed.

---

11. The issue, of whether Pollack is a person who may be heard on appeal under Bankruptcy Rules 8001 *et seq.*, need not be reached.