**In re Donald James PECKINPAUGH, Betty Marilyn Peckinpaugh, Debtors.**

**The UNITED STATES of America, ex rel. The PEOPLES BANKING COMPANY, Plaintiffs,**

**v.**

**Quentin M. DERRYBERRY, II, Trustee, et al., Defendants.**

**Bankruptcy No. 80–00441.**
**Adv. No. 83–0816.**

United States Bankruptcy Court, N.D. Ohio, W.D.

July 12, 1985.

Thomas D. Drake and William E. Clark, Peoples Banking Co., Findlay, Ohio, for movant.

Quentin M. Derryberry, II, Wapakoneta, Ohio, trustee/defendant.

William H. Bracy, Mut. Ins. Co., Toledo, Ohio, for Auto-Owners.

Kenneth W. Sullivan, Richard G. Schultz, Chicago, Ill., and Steven L. Diller, Van Wert, Ohio, for trustee.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on for trial upon the motion of the plaintiff, The Peoples Banking Company, McComb, Ohio (Peoples Bank) to remove Quentin M. Derryberry, II, as Trustee of the estate of Donald James Peckinpaugh and Betty Marilyn Peckinpaugh, and upon its adversary complaint seeking damages against the Trustee and his surety for alleged violation of duties under the Bankruptcy Code in the administration of the estate. The proceedings were consolidated for trial since common issues of fact and law were involved. Peoples Bank based its entitlement to relief on the following grounds:

1. Failure of the Trustee to invest proceeds from the sale of the Debtors' Assets.
2. Failure of the Trustee to rent Debtors' farm in Williams County during 1981.
3. Failure of the Trustee to rent Debtors' farms in Williams and Putnam County for the best price obtainable.

The court finds that the Trustee was not required to invest estate funds under 11 U.S.C. § 345, nor did he have a duty to rent the farms for the benefit of secured creditors. Therefore, having failed to show cause for removal or damages the Peoples Bank's requests for judgment must be denied.

## FACTS

This cause was commenced by the filing of a voluntary petition for relief on March 28, 1980 pursuant to Chapter 11 of the Bankruptcy Code. Quentin M. Derryberry, II, was appointed Trustee when the case was converted to Chapter 7 on August 6, 1980.

Assets of the estate included farm machinery and farm real estate in Steuben County, Indiana, and Williams and Putnam County, Ohio. The above mentioned assets of the estate have been sold by the Trustee and the proceeds distributed.

In 1981 counsel for Peoples Bank questioned the Trustee about his Plans to rent the farms prior to their sale. According to Peoples Bank the Trustee suggested it advertise for bids which it did. The highest bid received for the Putnam County farm was $132.00 per acre and for the Williams County farm it was $66.50 per acre. Meanwhile, the Trustee rented the farms for $65.00 and $55.00 per acre respectively. The Williams County farm was encumbered by a $55,000 first mortgage to Peoples Bank and tax liens of the U.S. Govern-

ment of $44,000.00. Eventually, the Williams County farm was purchased by Peoples Bank for $30,000.00, which was offset by its mortgage. The Putnam County farm was subject to a $40,000.00 first mortgage to Peoples Bank, $141,000.00 second mortgage to W.C. Peckinpaugh and $44,000.00 in tax liens of the U.S. Government. The Putnam County farm sold for $91,000.00, which allowed Peoples Bank's mortgage to be paid in full.

On September 7, 1983, the Trustee filed Case No. 83–0748 which consisted of a 6 count Complaint seeking judgment in the amount of $6,500,000.00 against Peoples Bank in the *Hartley* case. Thereafter, on November 18, 1983, Peoples Bank filed four adversary proceedings against the Trustee seeking damages in the Hartley, Peckinpaugh and Larry and Lucretia Miller cases as a result of alleged violations of his duties as Trustee. The Trustee was served with courtesy copies of the four proceedings on November 18, 1983, in Court Room 103 where the parties were assembled for a pretrial conference which was scheduled on the Trustee's Complaint against Peoples Bank. When counsel for the Trustee inquired of the counsel for Peoples Bank as to the reason for filing the adversary proceedings he replied, "Because you drew first blood."

On November 30, 1983, motions to remove the Trustee were filed in the Peckinpaugh and Miller cases and on December 6, 1983, the court received a motion to remove the Trustee in the Hartley case.

## DISCUSSION

The Bankruptcy Code at § 324 gives the court the power to remove the Trustee as follows:

> The court after notice and a hearing may remove a Trustee or an Examiner for cause.

"Cause" not being defined it remains for the court to determine cause for removal on a case by case basis.

Case law reveals that divergent standards have been applied in determining what constitutes cause to remove a trustee.

Some of the courts professed to rule on the basis of the "best interest of the estate" or as a variation on that theme "avoiding even the appearance of impropriety." However, most of the courts faced with alleged potential conflict of interest or potential wrongdoing hold that "potential conflicts of interest do not warrant the removal of a trustee" in the absence of "fraud and actual injury." *In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54 (2d Cir.1965).

The court in its recent decision in the *Hartley* case, Adversary No. 01855, provided a lengthy analysis of why it rejected any standard less concrete than one of fraud or actual harm. In the court's opinion, nebulous accusations such as that the Trustee's actions were not in the "best interests of the estate" or had the "appearance of impropriety" do not constitute sufficient cause to remove the Trustee. Instead, in a case for removal this court demands that actual fraud or harm to the estate be proven which is a standard that has been followed in several decisions concerning removal of the Trustee. See *In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54 (2d Cir.1965) and followed in *Baker v. Seeber (In re Baker)*, 38 B.R. 705 (D.Md. 1983); *In re Microdisk, Inc.*, 33 B.R. 817 (D.Nev.1983); *In re Rea Holding Corporation*, 2 B.R. 733 (S.D.N.Y.1980); *In re O.P.M. Leasing Services, Inc.*, 16 B.R. 932, 8 B.C.D. 841 (Bankr.S.D.N.Y.1982) and *In re Concept Packaging Corp.*, 7 B.R. 607 (Bankr.S.D.N.Y.1980).

The Court believes it is unnecessary to repeat the reasoning in *Hartley* here, and that it is sufficient to state that forcing accusors to quickly come forward with evidence which proves fraud or actual harm to the estate protects Trustees from the threat of specious and tenuous claims for removal which are merely part of a tactical maneuver to force the Trustee not to perform his statutory duties. A more concrete standard also has the benefit of preserving the orderly administration of the estate by not allowing creditors to remove a Trustee who has merely made them unhappy. In this case the Peoples Bank must

satisfy the threshold question of whether the Trustee has a duty to perform the tasks it has alleged were not performed.

There are only two issues in this case. The first is whether § 345 dictates that a Trustee must invest estate funds. The second is whether the Trustee has a duty to rent farm real estate, which was encumbered beyond its fair market value, for the benefit of secured creditors.

## TRUSTEE'S DUTY TO INVEST

In support of its allegation that the Trustee breached his fiduciary duty by failing to invest proceeds from the sale of farm machinery in interest bearing accounts, the Peoples Bank cites 11 U.S.C. § 345. Section 345(a) provides that "a Trustee in a case under this title may make such deposit or investment of the money of the estate for which such Trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." The legislative history reminds us that "This section is a significant departure from Section 61 of the Bankruptcy Act. It permits a Trustee in a bankruptcy case to make such deposit of investment of the money of the estate." House Report No. 95–595, 95th Cong., 1st Sess. 333–4 (1977); See Senate Report No. 95–989, 95th Cong., 2d Sess. 44 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5830, 6289–6290. The key words which are dispositive of this issue are the words "may" and "permits."

The language of § 345(a) is permissive. The Trustee is not required to invest estate funds. Undoubtedly the drafters left the decision to invest to the Trustee's discretion because they foresaw situations where the time consumed investing minimum amounts for short periods of time would be fruitless. While that problem has been lessened by Bankruptcy Rule 5008(i) (effective August 1, 1983) which permits the aggregation of funds, thereby making the investment of funds from small estates feasible, the permissive nature of § 345 remains unchanged.

Investment of estate funds was a major topic in a recent report by the General Accounting Office to the Attorney General and the Director of the Administrative Office of the United States Courts, GAO/667–84–55 (August 21, 1984). In the districts studied 86 percent of the trustees were not investing funds. According to the report, "This situation exists because the Executive Office for U.S. Trustees and the Administrative Office of the U.S. Courts have not provided the trustees with adequate guidance regarding the investment of proceeds from the liquidation of assets in Chapter 7 cases." *Id.* at 7. The report goes on to recommend that trustees be required to invest funds. While the court agrees with the report that investing funds will maximize the return to creditors, it cannot ignore the reason advanced by the report for the Trustee's failure to invest, nor the permissive language of § 345. Therefore the court must find the Trustee is not liable for lost interest nor should he be removed as Trustee for failure to invest estate funds.

## TRUSTEE'S DUTY TO RENT

The second allegation made by Peoples Bank as cause for removal and damages concerns the Debtors' farm real estate. Peoples Bank claims that the Trustee's failure to rent the Debtors' farm in Williams County during 1981 and his failure to obtain the best rental price for both the Williams and Putnam County farms in 1982 and 1983 was a violation of his duties as a Trustee under the Bankruptcy Code.

Regarding the farms, neither party is guilty of performing their job efficiently. On the one hand the Trustee could have abandoned the property pursuant to § 554 if it was clear the farms were mortgaged beyond their fair market value. On the other hand, the bank could have filed a motion for relief from stay so that a foreclosure action could have been pursued in state court. Instead the property remained in the estate for two years with no objection from the mortgage holders. Not until the Trustee filed an adversary complaint against Peoples Bank alleging fraudulent transfers, preferential payments and racketeering activities did Peoples file a com-

plaint alleging that the trustee had a duty to manage property (which had no value to the estate) for the benefit of the secured creditors.

■ The Trustee, as fiduciary, represents all creditors of the bankrupt, secured and unsecured. However, the Trustee "primarily represents the unsecured creditors, and represents the secured creditors only in his capacity as a custodian of the property upon which they have a lien." *Second National Bank of Nazareth V. Marcincin* (In re Nadler) 8 B.R. 330, 331 (Bankr.E.D.Penn.1980) citing *In re American Fidelity Corp.*, 28 F.Supp. 462 471 (S.D.Cal.1939). As a custodian, the Trustee's obligation to secured creditors is to preserve the assets as opposed to assuming the role of investment manager for the mortgage holders as suggested by the bank. Peoples Bank does not allege that the Trustee allowed the property to fall into disrepair but instead alleges he had a duty to maximize the return on their investment.

■ Section 704(1) of the Bankruptcy Code which lists the duties of the Trustee provides that the Trustee must "collect and reduce to money the property of the estate for which such Trustee serves, and close up such estate as expeditiously as is compatible with the best interests of parties in interest." Thus it is clear that in a Chapter 7 case the Trustee's duty is to liquidate assets and to preserve them until the time they are disposed of but at no time does he have a duty to manage assets, which have no value to the estate, for the benefit of secured creditors.

■ To find in favor of Peoples Bank would create two situations not intended by the Bankruptcy Code. First it would shift the Trustee's role from custodian to investment manager thereby encouraging secured creditors to avoid the responsibility for their investments. The other problem with the position of Peoples Bank is that it would permit the secured creditor to analyze the Trustee's return on investment with the advantage of hindsight thereby opening the door for claims that the Trustee has failed to maximize their profits.

The court finds that such an expansion of the Trustee's duties is contrary to the goal of preserving assets or investing money pursuant to § 345. Making the Trustee an investment manager for real estate encumbered beyond its fair market value would only prolong estate administration which is the opposite intention of § 704(1). Accordingly, the court finds that the Trustee did not have a duty to rent the farms and therefore he cannot be charged with damages or removed for his actions in this matter.

■ The court in *Geo. Benz & Sons v. Lovett (In Re Schwen's Inc.)* 19 B.R. 681, 694 (Bankr.D.Minnesota 1981) held that "secured creditors have a duty and responsibility to monitor the bankruptcy proceedings and to keep informed of the action taken with respect to property in which they claim an interest." Peoples Bank had a right to file for relief from stay or abandonment in 1980 but instead chose to let the Trustee hold the property for two years. The court does not express an opinion as to whether that arrangement was by agreement, lack of knowledge of the bankruptcy process or both. The court does agree with the decision in *Schwen's* that found that a secured creditor cannot remain silent with knowledge of the Trustee's actions and not act upon it and then be heard that the Trustee made the wrong decision.

## CONCLUSION

It is not coincidental that the present actions seeking removal of the Trustee and damages were filed along with similar ones in the Miller and Hartley cases after the Trustee filed Adversary No. 83–0748 against Peoples Bank alleging fraudulent and preferential transfers and racketeering activities. "The inference is inescapable that the motions have a tactical intendment." *Hassett v. McColley (In re O.P.M. Leasing Services, Inc.)*, 16 B.R. 939, 8 B.C.D. 841, 844. (Bankr.S.D.N.Y.1982) Since at one time the parties were working together on the *Hartley* case and sharing information it is understandable that great animosity was generated when they found themselves in the position of adversaries in

court. Unfortunately, the hard feelings appear to have diverted the Peoples Bank from accepting its responsibilities as a secured creditor.

Peoples Bank has ignored the fact that it took no action to take the property out of the estate for at least two years, which bars it from objecting to the consequences of its arrangements now. Furthermore, it brings this action at a time when the assets of the estate have been sold and the proceeds distributed so that at this late date the estate would suffer more from removing the Trustee than allowing him to remain. Finally, Peoples Bank having failed to show cause for removal or damages by establishing that the Trustee failed to perform his statutory duties, its requests for judgment must be denied. In light of the foregoing, it is hereby

ORDERED that the motion of Peoples Bank to remove the Trustee be, and it hereby is, denied with prejudice. It is further,

ORDERED that the complaint of Peoples Bank against the Trustee and his surety seeking damages be, and it hereby is, dismissed with prejudice.