In re KINROSS MANUFACTURING CORPORATION, Debtor.

UNITED STATES of America, by CENTRAL SAVINGS BANK, Plaintiff,

v.

William LASICH, Trustee, and Firemans Fund Insurance Company of Newark, New Jersey, Defendants.

Bankruptcy No. HM 89–90192.
Adv. No. 94–9011.

United States Bankruptcy Court, W.D. Michigan, Northern Division.

Nov. 7, 1994.

---

Paul M. Brewster, Lewinski & Brewster, P.C., Sault St. Marie, MI, for plaintiff Central Sav. Bank.

Donald W. Bays, Osstyn, Bays, Ferns & Quinnell, Marquette, MI, for defendant William G. Lasich.

James B. Steward, Steward, Peterson, Sheridan and Nancarrow, Ishpeming, MI, for defendant Firemans Ins. Co. of Newark, NJ.

*OPINION RE: MOTIONS FOR SUMMARY JUDGMENT FOR MOOTNESS AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED*

LAURENCE E. HOWARD, Chief Judge.

These matters come before the court on essentially two motions for summary judgment.

First, both William G. Lasich, the trustee in this matter, and Firemans Insurance Company of Newark, New Jersey ("Firemans"), the surety on the blanket bond covering chapter 7 panel trustees, move for entry of summary judgment in their favor claiming that the matter is now moot.

Second, Firemans moves for entry of summary judgment in its favor claiming that Central Savings Bank ("Bank") has failed to state a claim upon which relief can be granted.

## BACKGROUND

The Kinross Manufacturing Corporation bankruptcy began in 1989 as an involuntary case. The debtor obtained conversion of the case to chapter 11, but the matter was "reconverted" to chapter 7 on January 26, 1990. The debtor's real estate consists of a manufacturing facility located in an industrial area of the former Kincheloe Air Force Base. Most of the debtor's personal property was located within that industrial facility. The real estate has been vacant and unoccupied since at least early 1990.

The Bank brings this adversary proceeding in the name of the United States pursuant to B.R. 2010(b).[1] The Bank is a creditor with a security interest in the real estate and in the personal property of the debtor's estate. Mr. Lasich is the duly appointed and qualified trustee in the underlying chapter 7 proceeding. As a trustee, he is covered by the blanket bond issued by Firemans.

On or about March 18, 1994, the Bank filed a Complaint against Mr. Lasich. That Complaint alleges that in November of 1991, the business premises of the debtor corporation were broken into with resulting extensive vandalism and theft. The Bank alleges that the trustee breached his duty to preserve and protect the assets of the estate by failing to procure insurance on those assets.

As stated in their briefs, all parties agree on the following facts: On July 28, 1994, I issued a bench opinion which denied a previous summary judgment motion by Mr. Lasich which essentially asserted immunity. In that bench opinion, I ruled, and the Bank conceded, that Mr. Lasich had no personal liability as he was sued only in his official capacity.

Shortly after the July hearing, an Order for Distribution of Sale Proceeds was entered which provided for the payment of the trustee's attorney's fees and for the payment of the remainder of the estate proceeds to the Bank except for the sum of approximately $11,000. That amount was retained to potentially satisfy Mr. Lasich's claim for expenses of administration and his trustee fees. It is not disputed by the parties that the funds remaining in the estate are subject to the Bank's lien.

At this point, the two sides' positions start to diverge. With regard to mootness, the trustee asserts that the only assets remaining in the estate are funds sufficient to pay the fees and expenses of administration incurred by the trustee. Further, the trustee asserts that any objection by the Bank to Mr. Lasich's fees and/or expenses should be filed under 11 U.S.C. 326(d).[2]

With regard to the surety bond, Firemans maintains that the bond cannot be liable for mere negligence of the trustee.

The Bank contends that both the funds remaining in the estate and the trustee's blanket bond underwritten by Firemans are appropriate sources to satisfy a judgment against the trustee.

The merits of each motion will be discussed after a restatement of the legal standard applicable to summary judgment motions.

## *OPINION*

Summary judgment is appropriate only where no genuine issue of material fact

---

1. Bankruptcy Rule 2010 reads as follows:

 **Rule 2010. Qualification by Trustee; Proceeding on Bond. (a) Blanket Bond.** The United States trustee may authorize a blanket bond in favor of the United States conditioned on the faithful performance of official duties by the trustee or trustees to cover (1) a person who qualifies as trustee in a number of cases, and (2) a number of trustees each of whom qualifies in a different case.

 **(b) Proceeding on Bond.** A proceeding on the trustee's bond may be brought by any party in interest in the name of the United States for the use of the entity injured by the breach of the condition.

2. That section reads, in pertinent part:

 **§ 326. Limitation on compensation of trustee.**
 (d) The court may deny allowance of compensation for services or reimbursement of expenses of the trustee if the trustee failed to make diligent inquiry into facts that would permit denial of allowance under section 328(c) of this title or, with knowledge of such facts, employed a professional person under section 327 of this title.

remains to be decided and the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc.,* 668 F.2d 905, 908 (6th Cir.1982). The function of a motion for summary judgment is not to allow the court to decide issues of fact but rather to determine whether there is an issue of fact to be tried. *United States v. Articles of Device, Etc.,* 527 F.2d 1008, 1011 (6th Cir.1976). The moving party bears the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in his favor. *Id.* at 1011. In determining whether there are genuine issues of fact warranting a trial, the evidence will be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). If a disputed question of material fact remains, the motion for summary judgment must be denied. *Atlas,* 668 F.2d at 908.

*Mootness*

The question before the court is whether the fact that only $11,000 remains in the bankruptcy estate renders this adversary proceeding moot. Apparently, the trustee and Firemans presuppose that all of this money is destined to be disbursed to Mr. Lasich as fees and/or expenses leaving no monies for any other purpose. Having reached that foregone conclusion, defendants assert that "if there is nothing to fight over, the case should be dismissed." (Lasich brief at p. 2)

 Apparently, the defendants overlook the possibility that a successful action against the trustee may be an administrative claim under 11 U.S.C. 503(b). This claim would be classified along with the claim for fees by the trustee and his attorney. Any remaining assets of the estate may be distributed *pro rata* pursuant to 11 U.S.C. 726(b). It is apparent that the remaining funds might be used to satisfy a portion of a successful claim. For that reason alone, the matter is clearly not moot. To the contrary, this source of funds potentially available to satisfy this claim precludes a determination of mootness. Put simply, there *is* something

to fight over and the case will not be dismissed based on mootness.

*Failure to State a Claim upon which Relief can be Granted*

The Bank contends that Mr. Lasich breached his duty to preserve and protect the assets of the estate by failing to procure insurance on those assets. Mr. Lasich, of course, denies that allegation.

In the present motion for summary judgment for failure to state a claim upon which relief can be granted, Firemans takes the position that: 1) the trustee had no duty to procure insurance to protect the secured creditors, and 2) the surety cannot be liable for the mere negligence of the trustee.

To support its contention that the trustee had no duty to procure insurance, Firemans cites *In re Peckinpaugh,* 50 B.R. 865 (Bankr. N.D.Ohio 1985). While *Peckinpaugh* deals generally with a trustee's duty to manage assets for the benefit of secured creditors, it is silent as to the issue of a trustee's duty to procure insurance. *Peckinpaugh* does, however, recognize the trustee's role as a "custodian" of the assets of the estate. *Id.* at 869.

Firemans also cites *In re Thu Viet Dinh,* 80 B.R. 819 (Bankr.S.D.Miss.1987) which recognizes the trustee's duty to "exercise diligence to conserve the assets of the bankruptcy estate" but acknowledges that the trustee "is not relegated to the role of a 'babysitter' for the secured creditors." *Id.* at 823. Neither of these cases persuades me that, as a matter of law, the trustee had no duty to obtain insurance for the subject property.

 Clearly, any trustee has a duty to conserve the assets of the bankruptcy estate. The trustee's duty will be measured against the standard of "the exercise of due care, diligence and skill ... of 'an ordinarily prudent man in the conduct of his private affairs under similar circumstances and with a similar object in view.'" *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451, 461 (6th Cir.1982) (quoting *In re Johnson,* 518 F.2d 246, 251 (10th Cir.1975), *cert. denied, sub nom., Clark v. Johnson,* 423 U.S. 893, 96 S.Ct. 191, 46

L.Ed.2d 125 (1975) (Chapter XII proceeding)).

The defendants in this case contend that Mr. Lasich had no duty to procure insurance to protect secured creditors. I do not agree. The duty of the trustee is to preserve the assets of the estate. Procuring insurance would ordinarily be an integral part of the trustee's duty. However, in certain instances, insuring a particular asset might be unfeasible or unwarranted. In such an instance, the trustee's choice to stand uninsured might be well founded. Whether the trustee could have, or even ought to have, insured the property is bound inextricably with the particular facts of this case. I can make no ruling today as to whether Mr. Lasich's action was warranted; that decision must come at trial, after evidence is presented. I will not, then, rule today that the trustee had no duty to procure insurance on the property.

Firemans next contends that the bonding company cannot be liable for the mere negligence of the trustee. Firemans does correctly cite *Weaver*, supra, for guidance as to a trustee's liability. *Weaver* provides that:

A bankruptcy trustee is liable in his official capacity for acts of negligence. * * * A bankruptcy trustee is liable personally only for acts willfully and deliberately in violation of his fiduciary duties. (citations omitted)

680 F.2d at 461.

This standard will certainly be applied at the time of the trial in this matter. Despite Firemans assertion that the surety bond does not afford coverage for a trustee's negligence, I do not agree.

The only case cited by the parties which deals with substantially similar language in a bond contract is *In re: Reich*, 54 B.R. 995 (Bankr.E.D.Mich.1985) in which Judge Spector came to a conclusion opposite to that asserted by Firemans here today. The bond in effect at the time of the loss in *Reich* stated:

NOW, THEREFORE, if said Principals ... shall obey such orders as the United States District Court or any of the Bankruptcy Judges or United States Trustees of such Court may make in relation to the trust assumed by said Interim Trustee and/or Trustee in cases in which he has been or will be appointed, and shall faithfully and truly account for all monies, assets, and effects of such estates as shall come into his hands and possession, *and shall in all respects faithfully perform all his official duties as Interim Trustee and/or Trustee*, then this obligation to be void, otherwise to remain in full force and effect.

54 B.R. at 1008 (Emphasis in original).

The language of the bond issued by Firemans in this instance reads as follows:

NOW, THEREFORE, if the said Principals ... shall obey such orders as the United States Bankruptcy Court or any of the Judges of such court may make in relation to the trust undertaken by said Trustee, and shall faithfully and truly account for all moneys, assets and effects of each estate created by the commencement of each case in which he has been appointed or will be appointed, and shall in all respects faithfully perform all his official duties as Trustee, then this obligation to be void; otherwise, to remain in full force and effect.

I am not persuaded by Firemans' attempt to distinguish *Reich*. I would agree with Judge Spector that the task of this court is to merely read the bond and construe its terms. I, like Judge Spector, find the standard of a trustee's acting "faithfully" as set forth in the bond to be equatable with the standard of negligence. I agree with Judge Spector that one who "negligently" performs an official duty does not "faithfully" perform it. See, *Reich* at 1008.

Of course, any obligation whatsoever on the bond would be predicated upon negligent acts by Mr. Lasich; such acts may or may not be proved at trial by the Bank. A determination in that regard would be inappropriate now, at the summary judgment stage.

CONCLUSION

For these reasons, defendants' respective motions for summary judgment re: mootness

are DENIED. The motion for summary judgment of Firemans Insurance Company of Newark, New Jersey re: failure to state a claim upon which relief can be granted is also DENIED.