In re EQUIMED, INC., Debtor.

Mobile Diagnostech, Inc.,
et al., Movants,

v.

Merrill Cohen, Trustee, Respondent.

Nos. H–00–1216, H–0102677.
Bankruptcy No. 00–1–1147–PM.

United States District Court,
D. Maryland.

Sept. 25, 2001.

Robert M. Marino, Reed, Smith, Shaw & McClay, Washington, DC, for Debtor.

Irving Edward Walker, Saul Ewing LLP, Baltimore, MD, for Petitioning Creditors.

Matthew T. Goldman, Baker and Hostetler, Washington, DC, Mark Bailen, Washington, DC, for trustee.

Merrill Cohen, Cohen and Baldinger, Bethesda, MD, trustee.

## MEMORANDUM OPINION

HARVEY, Senior District Judge.

On February 4, 2000, Mobile Diagnostech, Inc., A. Jerome DiGiacobbe, Jr. and Calvin Zontine ("the petitioning creditors") filed an involuntary petition in bankruptcy with respect to EquiMed, Inc. ("EquiMed") in the United States Bankruptcy Court for the District of Maryland. *In re EquiMed, Inc.,* Bankruptcy No. 00–1–1147–PM. Thereafter, EquiMed was adjudicated by the Bankruptcy Court to be a debtor under Chapter 7 of the United States Bankruptcy Code. On March 3, 2000, Merrill Cohen was appointed Trustee for the bankruptcy estate of the debtor EquiMed.

On April 27, 2000, the Trustee filed in the Bankruptcy Court an adversary proceeding, naming as defendants more than 80 persons and entities. Many of the defendants named in the adversary proceedings are also defendants in *United States ex rel. Rahman v. Oncology Associates, P.C., et al.,* Civil No. H–95–2241 ("Rahman"), a civil action which has been pending in this Court for several years. EquiMed is one of the defendants in the *Rahman* case, as are some of its subsidiaries.

On May 2, 2000, this Court entered an Order withdrawing reference of the *EquiMed* bankruptcy case with respect to all matters in which a proposed settlement in the *Rahman* action had designated for Bankruptcy Court review and with respect to the adversary proceeding. As withdrawn, that case was docketed in this Court as *In re EquiMed, Inc.,* Civil No. H–00–1216. Following a hearing held on September 8, 2000 in *Rahman,* the Court entered an Order approving settlement agreements entered into by various parties in that case. During the pendency of the *EquiMed* case, the Court has been required to rule on numerous matters involving the Trustee and other parties in the withdrawn adversary proceeding. *See* Memorandum and Order of July 24, 2000 (ruling, *inter alia,* on motions to vacate the Order withdrawing reference of the adversary proceeding); Memorandum and Order of July 26, 2000 (denying a motion filed by certain defendants in the adversary proceeding seeking the issuance of an Order to show cause to be served on the Trustee); Memorandum and Order of October 30, 2000 (granting in part and denying in part five separate motions seeking to dismiss the amended complaint in the adversary proceeding).[1]

After the Court entered a Scheduling Order in the *EquiMed* case, the parties engaged in prolonged and complex settlement discussions. Eventually a settlement was reached, and a Settlement Agreement has now been executed by the Trustee and by many other parties. On August 30, 2001, the Trustee filed a motion for approval of the settlement pursuant to § 363 of the Bankruptcy Code and Bankruptcy Rule 9019. That motion has been briefed

---

1. In related proceedings, the Court has ruled on two appeals taken from orders entered by the Bankruptcy Court and on other matters which have arisen in the *EquiMed* bankruptcy case. In its Memorandum Opinion of August 19, 2000, the Court affirmed Orders of the Bankruptcy Court entered on March 3, 2000, on March 21, 2000 and on April 27, 2000. Civil Nos. H–00–1279 and H–00–1555. In its Memorandum and Order of October 20, 2000, the Court denied the motion of Joanne Russell to withdraw reference with respect to related insurance coverage litigation with Steadfast Insurance Company and Reliance Insurance Company. Civil No. H–00–2728. In its Memorandum and Order of February 12, 2001, the Court denied the Trustee's motion to withdraw reference of an adversary proceeding brought by Keystone Oncology, LLC against the Trustee and others. Civil No. H–00–3487.

by the parties, and a hearing on the motion has been scheduled for September 26, 2001.

Meanwhile, the petitioning creditors filed in the Bankruptcy Court on August 29, 2001 a Motion to Remove Chapter 7 Trustee. The United States shortly thereafter filed a motion to withdraw the reference of the petitioning creditors' pending motion. Following a telephone conference with counsel, the Court entered an Order on September 7, 2001 withdrawing the reference to the Bankruptcy Court of the petitioning creditors' pending motion to remove the Trustee. That matter has now been docketed in this Court as Civil No. H–01–2677.

Memoranda and exhibits have been filed by interested parties in support of and in opposition[2] to the pending motion of the petitioning creditors to remove Merrill Cohen as the Chapter 7 Trustee in this case. Following its review of the pleadings and memoranda, this Court has concluded that no hearing is necessary for a decision on the pending motion. See Local Rule 105.6. For the reasons stated herein, the petitioning creditors' Motion to Remove Chapter 7 Trustee will be denied.

The petitioning creditors assert that as a result of a judgment obtained by them in July of 1999 in the Court of Chancery of Delaware, EquiMed was indebted to them at the time that it was placed into bankruptcy in the amount of $25,497,227. Other creditors holding large claims against the debtor include Provident Bank, the United States Government and DVI Financial Services, Inc. ("DVI"). According to the petitioning creditors, Provident Bank is owed $18,360,472, the government's claim exceeds $10,000,000, and DVI is owed in excess of $3,800,000.[3]

The petitioning creditors advance various reasons in support of their assertion that the Trustee should at this time be removed. In particular, they object to the Trustee's participation in the proposed settlement. According to the petitioning creditors, the Trustee, rather than settling, should vigorously pursue in the adversary proceeding the claims asserted in the amended complaint against the defendants named therein. They further maintain that the Trustee has failed to gain control over EquiMed's principal assets and that the Trustee has not been able to obtain EquiMed's business records. According to the petitioning creditors, the Trustee has lost the confidence of a majority of the creditors in the bankruptcy case.[4] They urge the Court to remove the Trustee because he has not been willing to fulfill his fiduciary obligations by aggressively undertaking to recover assets for the benefit of creditors of the estate.

■ The standard for the removal of a bankruptcy trustee is set forth in 11 U.S.C. § 324(a) which provides as follows: "The Court, after notice and a hearing, may remove a trustee or an examiner, for cause." The Bankruptcy Code does not define the term "cause," and courts must therefore determine its meaning on a case-by-case basis. *In re Reed*, 178 B.R. 817, 821 (Bankr.D.Ariz.1995).

---

**2.** Oppositions to the pending motion have been filed by the Trustee, by Dr. Colkitt and ten other defendants and by the United States. The petitioning creditors have recently filed a reply to those oppositions.

**3.** DVI contends that it holds a claim in excess of $5.5 million.

**4.** The petitioning creditors erroneously assert that Provident Bank has refused to participate in the settlement. On the contrary, Provident Bank supports the Trustee's pending motion for approval of the settlement.

The leading case in this District explicating the principles to be applied by a court in determining whether cause exists for the removal of a bankruptcy trustee is *In re Baker*, 38 B.R. 705 (D.Md.1983). In that case, Chief Judge Frank A. Kaufman, in an appeal from an Order of the Bankruptcy Court, applied the definition of "cause" adopted by the bankruptcy judge. In that case, the bankruptcy judge had defined cause as "reasons for which the law and sound public policy recognize as sufficient warrant for removal" and reasons which "relate to and affect the administration of the office and [which] must be restructed [*sic*] to something of a substantial nature directly affecting the rights and interests of the public." *Id.* at 707.

On the record here, this Court finds and concludes that the petitioning creditors have not shown sufficient cause for the removal of Merrill Cohen as the Trustee for the bankruptcy estate of EquiMed. Most of the case law concerning the removal of a trustee under § 324(a) involves intentional misconduct or negligence on the part of the trustee in the administration of the estate. *In re Baker*, 38 B.R. at 707. The most frequent setting for such a dispute is the alleged conflict of interest on the part of the Trustee. *Id.* There has been no showing here of intentional misconduct or negligence during the time that the Trustee has been administering the debtor's estate, nor has there been any claim that a conflict of interest exists.

The principal argument presented by the petitioning creditors is that the Trustee should not have entered into an agreement to settle his claims against the parties named as defendants in the adversary proceeding. But the Court has not as yet approved that settlement. There is pending before the Court the Trustee's motion for approval of the settlement. The petitioning creditors have filed an opposition to that motion, and their arguments as well as those of other parties will be heard at a hearing on the motion scheduled for September 26, 2001.

Whether or not the settlement is later approved, this Court is satisfied that sound reasons existed for the Trustee to participate in the settlement discussions and for his decision to agree to the complex proposal for the settlement of the adversary proceeding and other matters. Provident Bank and the United States government likewise hold large claims against EquiMed and have agreed to the proposed settlement. There has been no formal discovery in the case, primarily because discovery was stayed. Whether or not the settlement is eventually approved, the Trustee was justified in attempting to avoid the burden and expense [5] not only of discovery in the case but also of an eventual trial of the claims asserted by him against the many defendants named in the adversary proceeding.[6]

The petitioning creditors contend that the Trustee has lost the support and confi-

5. The petitioning creditors complain of the "huge bills" of the Trustee's attorneys. As the Trustee has pointed out, settlement of the adversary proceeding will avoid the even larger attorneys' fees which will be incurred if discovery goes forward and if there is a later trial of the claims asserted in the amended complaint.

6. In their reply memorandum, the petitioning creditors argue at length that the relevant

facts support a recovery by the Trustee in the adversary proceeding. However, in the memorandum filed by Dr. Colkitt and other adversary proceeding defendants in support of the Trustee's motion for approval of the settlement, equally compelling arguments are advanced indicating that the Trustee will not prevail if the adversary proceeding goes to trial.

dence of the majority of the creditors in the case. But no other creditors have supported their motion to remove the Trustee. On the contrary, the United States, a substantial creditor, has opposed the motion, as have some eleven parties named as defendants in the adversary proceeding.

■ A trustee is granted complete authority and discretion regarding the prosecution of any litigation involving the debtor's estate. *In re Reed*, 178 B.R. at 822. Even if a trustee were to make a mistake in judgment, he should not for such a reason be removed if the judgment is both reasonable and discretionary. *Id.* at 821; *In re Lundborg*, 110 B.R. 106, 108 (Bankr. D.Conn.1990). A court should consider the best interests of the bankrupt estate when determining if removal of a trustee is appropriate. *Id.* at 108. Here, the discord which will result from removal of the Trustee would be much more than that which administration of the bankrupt estate would suffer if the present Trustee were continued. *Id.*

The petitioning creditors argue that the Trustee has failed to properly investigate the affairs of EquiMed and has not obtained critical information from the debtor or Dr. Colkitt. The record here does not support this contention. The Trustee's sustained efforts to investigate assets of the debtor have been set forth in some detail in the Trustee's memorandum in opposition to the pending motion to remove. *Inter alia*, some 300 to 400 boxes of documents have been indexed and reviewed, and the deposition of Dr. Colkitt was taken over a period of seven days. The Court is satisfied that, faced with the complexities resulting from the confusing interrelationship of Dr. Colkitt's many entities and his continuing obstructionist tactics,[7] the Trustee has acted reasonably in his investigation of the affairs of EquiMed.

■ The Trustee and his attorney have been actively engaged in litigating various matters which have arisen both in the Bankruptcy Court and in this Court. On numerous occasions during the past seventeen months, the Trustee and his attorneys have appeared in this Court, sometimes in support of motions that have been filed and sometimes in opposition to those motions. Whether he has prevailed on all of those occasions or not, the Court is satisfied that the Trustee has always acted with the best interests of the estate in mind. As Chief Judge Kaufman held in *Baker*, a trustee's assessment of where the best interests of the bankrupt estate lie should be disturbed only if the Court is convinced that it is without substantial foundation. *Id.* at 709.

This Court has a longstanding, intimate knowledge of the lengthy proceedings in this case and in the related *Rahman* case. On the record here, the Court is satisfied that the petitioning creditors have not here shown that Trustee Cohen's assessment of where the best interests of the EquiMed estate lie is without substantial foundation.

For all these reasons, the petitioning creditors' Motion to Remove Chapter 7 Trustee will be denied. An appropriate Order will be entered by the Court.

---

**7.** In the memorandum filed by them in support of their pending motion, the petitioning creditors acknowledge that Dr. Colkitt has continued "obstructionist behavior" throughout the bankruptcy case. (Memorandum In Support at 6).